**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | **CASE NO. 08-29769(PGH)** |
| GINN-LA ST. LUCIE LTD., LLLP, *et al.*, | All Cases Jointly Administered |
| Debtors. | Chapter 7 |
| In re: | (4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH) |
| GINN-LA QUAIL WEST., LTD, LLLP, *et al.,* | (3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH) |
| Debtors. | |
| DREW M. DILLWORTH, Chapter 7 Trustee, | **ADV. PRO. NO. 10-03807-PGH** |
| Plaintiff, | |
| vs. | |
| EDWARD R. GINN III, *et al.*, | |
| Defendants. | |

**MOTION TO DISMISS THE TRUSTEE'S COMPLAINT FOR THE**
**AVOIDANCE AND RECOVERY OF FRAUDULENT/ PREFERENTIAL TRANSFERS**
**BY EDWARD R. GINN III, EDWARD R. GINN REVOCABLE TRUST DATED**
**SEPTEMBER 14, 2002, ERG MANAGEMENT, LLC, AND ERG ENTERPRISES, L.P.**

Edward R. Ginn III, Edward R. Ginn III Revocable Trust Dated Sept. 14, 2002, ERG

Management, LLC, and ERG Enterprises, L.P. (collectively, the "Ginn Defendants") hereby

move pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for an order dismissing the

Trustee's *Complaint For Avoidance and Recovery of Fraudulent/Preferential Transfers* (the

"Complaint") (ECF No. 1):

    1.    The Complaint fails to state a claim upon which relief can be granted because the

Trustee has failed to allege facts that, if proven, would permit him to recover from the Ginn

Defendants under 11 U.S.C. § 550(a)(1).

2.      To establish a right to recovery under § 550(a)(1) from a defendant entity for whose benefit a fraudulent transfer was made, the Trustee must plead facts (not naked conclusions) that establish a "quantifiable" benefit directly resulting from the initial transfer.  It is not enough to merely allege an ownership interest in the initial transferee to subject the holder of that interest to liability as an "entity for whose benefit such transfer was made" under § 550(a)(1).  *See In re The Brown Schs.*, 386 B.R. 37, 54 (Bankr. D. Del. 2008) (rejecting trustee's contention that defendant's status as a senior officer of initial transferee, without more, was sufficient to establish a benefit from the transfers); *In re Hansen*, 341 B.R. 638, 645 (Bankr. N.D. Ill. 2006) (rejecting trustee's allegation that defendant's status as shareholder and officer was sufficient in itself to establish a benefit from corporate transfers); *In re Imageset, Inc.*, 299 B.R. 709, 718 (Bankr. D. Me. 2003) (refusing to impose liability on defendants based upon status as members of a limited liability company that received transfers from the debtor); *Mack v. Newton*, 737 F.2d 1343, 1359-60 (5th Cir. 1984) (principals in a partnership received only "incidental, unquantifiable, and remote benefit bearing no necessary correspondence to the value of the property transferred or received").  As the *Hansen* court correctly observed:

> Nothing in section 550(a)(1) indicates that corporate form can be thrust aside and all voidable transfers to a corporation recovered from its shareholders on the mere assumption that shareholders somehow automatically "benefit" from such transfers.  If corporate existence is to be observed, transfers cannot be recovered even from a shareholder who by virtue of his majority ownership ostensibly controls the corporation.  Something more than mere status as a shareholder, officer, or director must be shown.

341 B.R. at 645 (internal citations omitted).

3.      The Trustee must plead facts that support the conclusion that the defendant received a "quantifiable benefit or one bearing the necessary correspondence to the value of the property transferred or received."  *In re Int'l Mgmt. Assocs.*, 399 F.3d 1288, 1294 (11th Cir. 2005) (citing *Mack*, 737 F.2d at 1359-60); *In re Life Fund, 5.1 LLC,*, Adv. No. 10 A 42, 2010 WL 2650024, at

*5 (Bankr. N.D. Ill. June 20, 2010) ("An entity for whose benefit a transfer was made must actually receive a benefit from the transfer; that the transferor intended to confer a benefit on the transferee is not enough.")

4.      Finally, conclusory allegations are not enough; the Trustee must plead facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (conclusory allegations are "not entitled to be assumed true"); *Ashcroft v. Iqbal*, __ U.S.__, 129 S. Ct. 1937, 1951 (2009) (same); *see, e.g., In re Levitt*, Adv. No. 09-2273-BKC-RBR-A, 2010 WL 1539898, at *2 (Bankr. S.D. Fla. Apr. 16, 2010) (dismissing complaint seeking to avoid fraudulent and preferential transfers for failure to adequately plead claims).

5.      Here, the Trustee fails to plead any facts to support its conclusion that the Ginn Defendants were entities for whose benefit the subject transfers were made under § 550(a)(1).

6.      The Trustee does not allege that the Ginn Defendants received *any* of the payments made to the initial transferee Ginn-LA Conduit Lender, Inc.  Accordingly, there are no factual allegations of any direct "quantifiable" benefit to any of the Ginn Defendants.  Instead, the Trustee implies that by virtue of their equity ownership in "the Ginn sur Mer Development" the Ginn Defendants must be entities "for whose benefit [the payments] were made." [Compl. ¶¶ 13, 50, 64]

7.      Moreover, the Trustee does not allege that any of the Ginn Defendants has a direct ownership interest in the initial transferee, Ginn-LA Conduit Lender, Inc.  At most, the Trustee alleges a disjointed chain of ownership interests in which ERG Enterprises, L.P. "held a 20% interest in the Ginn sur Mer Development," and Ginn sur Mer Development is "part of the corporate structure" of the initial transferee, Ginn-LA Conduit Lender, Inc.  [Complaint ¶¶ 6, 19] As to the Ginn Defendants other than ERG Enterprises, L.P., the Trustee fails to allege any facts

directly connecting any of them to either the initial transferee, Ginn-LA Conduit Lender, LLC or Ginn sur Mer Development.

8.     Finally, the Trustee fails to allege facts that would demonstrate that the Ginn Defendants received a benefit from the *initial* transfers (i.e., the "Tesoro Payment" and the "Quail West Payment" described in the Complaint).  Absent such allegations, the Trustee cannot state a claim under § 550(a)(1):

> Under the plain statutory language of Section 550(a)(1), the phrase "*such transfer,*" with reference to the *initial transferee*, is the *same* transfer for purposes of the "entity for whose benefit *such transfer* was made."
> . . . .
>
> Simply put, the "for whose benefit" language does not apply where the "benefit" is not the immediate and necessary consequence of the initial transfer, but flows from the manner in which the initial transfer is *used* by its recipient – the "benefit must derive directly from the [initial] transfer,  not from the use to which it is put by the transferee."

*In re TOUSA, Inc.*, ECF No. 131, Case No. 10-cv-60017-ASG, Mem. Op. at 95, 100 (S.D. Fla. Feb. 11, 2011) (emphasis in original) (citing *In re Imageset*, 299 B.R. at 718).  The Complaint includes no facts specifically connecting the initial transfers to any alleged benefit to the Ginn Defendants.

9.     In further support of this motion, the Ginn Defendants adopt and incorporate by reference the legal argument set forth in the motion to dismiss filed by Ira M. Lubert, Dean S. Adler, Lubert-Adler Management Co., L.P., Lubert-Adler Group IV, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P. (collectively, the "Lubert-Adler Defendants") (the "Lubert-Adler Dismissal Motion") (ECF No. 7) as those arguments apply to the facts set forth herein.

10.   For the foregoing reasons, the Trustee has failed to state a claim against the Ginn Defendants for which relief can be granted and the Complaint should be dismissed.

Dated:  February 14, 2011                    Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, P.A.**
Counsel to Edward R. Ginn III, Edward R. Ginn Revocable
Trust Dated Sept. 14, 2002, ERG Management, LLC, and
ERG Enterprises, L.P.
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Telephone: (305) 377-1800
Facsimile: (305) 372-3508

By: /s/ Charles W. Throckmorton
        Charles W. Throckmorton
        Fla. Bar No. 286192
        cwt@kttlaw.com

- AND -

**SMITH MOORE LEATHERWOOD LLP**
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2800

By:     /s/ Lynn F. Chandler
        Lynn F. Chandler
        Fla. Bar. No. 946761
        lynn.chandler@smithmoorelaw.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the

Court's CM/ECF notification and/or U.S. Mail to all parties on the attached service list on

February 14, 2011.

Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, P.A.**
Counsel to Edward R. Ginn III, Edward R. Ginn Revocable
Trust Dated Sept. 14, 2002, ERG Management, LLC, and
ERG Enterprises, L.P.

2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Telephone: (305) 377-1800
Facsimile: (305) 372-3508

By:    /s/ Charles W. Throckmorton
Charles W. Throckmorton
Fla. Bar No. 286192
cwt@kttlaw.com

- AND -

**SMITH MOORE LEATHERWOOD LLP**
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2800

By:    /s/ Lynn F. Chandler
Lynn F. Chandler
Fla. Bar. No. 946761
lynn.chandler@smithmoorelaw.com

## SERVICE LIST

### ADV. PRO. NO 10-03087-PGH
*DREW M. DILLWORTH, Chapter 7 Trustee vs. EDWARD R. GINN III, et al.,*

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

Eugene E. Sterns, Esq.
estearns@stearnsweaver.com
Harold D. Moorefield, Jr., Esq.
hmoorefield@stearnsweaver.com
Matthew W. Buttrick, Esq.
mbuttrick@stearnsweaver.com
Andrew W. Stearns, Esq.
astearns@stearnsweaver.com
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130

*Counsel to Drew Dillworth, Trustee*

**BERGER SINGERMAN, PA**
Paul Steven Singerman, Esq.
singerman@bergersingerman.com
Paul A. Avron, Esq.
pavron@bergersingerman.com
200 S. Biscayne Blvd. #1000
Miami, FL 33131

*Counsel to Lubert-Adler Defendants*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
William A. Harvey, Esq.
wharvey@klehr.com
Rona J. Rosen, Esq.
rrosen@klehr.com
1835 Market Street, Suite 1400
Philadelphia, PA 19103

*Counsel to Lubert-Adler Defendants*