UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>　　　　　　Debtors.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH)[1] |
| In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>　　　　　　Debtors.<br>_____/ | (3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH)[2] |
| DREW M DILLWORTH, Chapter 7 Trustee,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EDWARD R. GINN III; EDWARD R. GINN III REVOCABLE TRUST DATED SEPT. 14, 2002; ERG MANAGEMENT, LLC; ERG ENTERPRISES, L.P.; IRA M. LUBERT; DEAN S. ADLER; LUBERT-ADLER MANAGEMENT CO., L.P.; LUBERT-ADLER GROUP IV, L.P.; LUBERT-ADLER REAL ESTATE FUND IV, L.P.; LUBERT-ADLER REAL ESTATE PARALLEL FUND IV, L.P.; LUBERT-ADLER CAPITAL REAL ESTATE FUND IV, L.P.,<br><br>　　　　　　Defendants.<br>_____/ | **ADV. PRO. NO. 10-03807-PGH**<br><br><br><br>**PLAINTIFF'S RESPONSE TO "GINN" AND "LUBERT-ADLER" DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. *See* Order [D.E. 308/309]. The "Tesoro Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; and (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. *See* Order [D.E. 34]. The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

## PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER

Plaintiff Drew M. Dillworth ("Trustee Dillworth"), in his capacity as Chapter 7 Trustee for the Tesoro Debtors' Estates and the Quail West Debtors' Estates, hereby submits this response to the Defendants' Motion for Protective Order [ECF No. 29].

1. Through this adversary proceeding, Trustee Dillworth seeks to avoid and recover for fraudulent or preferential transfers of Tesoro and Quail West Debtor property made incident to the Credit Suisse loan refinancing of the Tesoro, Quail West, River Club / Gardens, Laurelmor, and Ginn sur Mer Developments. First Amended Complaint ("FAC") [ECF No. 27], ¶¶ 1, 4.

2. Lead Debtors Ginn-LA St. Lucie Ltd., LLLP and Ginn-LA Quail West Ltd., LLLP listed the transfers at issue in their Statements of Financial Affairs, in response to Question No. 3, which requires each debtor to identify "all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders." The pertinent portions of the Lead Debtors' responses to Question No. 3 read as follows:

| Debtor | Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid |
|---|---|---|---|
| Ginn-LA St. Lucie Ltd., LLLP | Ginn-LA Conduit Lender, LLC [sic - s/b "Inc."]<br><br>215 Celebration Place Suite 200<br>Celebration, FL 34747<br><br>Affiliate | 5/7/2008<br><br>*These payments were made from LLLP to Conduit Lender in connection with the Credit Suisse lead secured loans and were utilized, and allocated, to projects subject to the Credit Suisse secfured [sic] loans. | $31,947,006.46 |
| Ginn-LA Quail West Ltd., LLLP | Ginn-LA Conduit Lender, LLC [sic - s/b "Inc."]<br><br>215 Celebration Place Suite 200<br>Celebration, FL 34747<br><br>Affiliate | 5/6/2008<br><br>*These payments were made from LLLP to Conduit Lender in connection with the Credit Suisse lead secured loans and were utilized, and allocated, to projects subject to the Credit Suisse secured loans. | $17,509,699.21 |

FAC, ¶¶ 6-7 (quoting Case No. 08-29769, ECF No. 92, p. 28; No. 08-29774, ECF No. 23, p. 22).[3]

---

[3] Ginn-LA Conduit Lender was a shell entity formed in connection with the Credit Suisse loan refinancing which was inserted into the corporate ownership structure pertaining to the Ginn sur Mer Development. FAC, ¶¶ 8-9.

-2-

3. According to Ginn and Lubert-Adler records, the Lead Debtors' payments to Ginn-LA Conduit Lender in May of 2008 were made to satisfy phantom "intercompany debts" created for "internal accounting purposes" for the benefit of the equity investors in Ginn sur Mer (the ownership structure of Tesoro and Quail West was materially different from Ginn sur Mer).

4. Specifically, quoting from Ginn and Lubert-Adler Defendants' own documents, among other pertinent evidence, the FAC alleges that:

- The Lead Debtors made the payments at issue pursuant to a make-shift internal accounting protocol, which was "intended to [operate] somewhat like accounting between separate divisions of a single company," *i.e.*, the "debt" was to be "view[ed] as *notional* rather than *real* debt";

- The Lead Debtors made the payments at issue approximately one week after entering into the JDA which this Court has observed "plainly recite[d] . . . [an] 'anticipation' of a possible bankruptcy filing" under Chapter 11, and "whose purpose [wa]s to protect [the] debtor's adverse insider's prepetition communications[,] to shield evidence of their wrongdoing";

- By that time, the Ginn and Lubert-Adler Defendants had essentially "written off" Tesoro and Quail West, and were focusing their efforts on sustaining Ginn sur Mer, which was also struggling but was viewed internally as the Development with the greatest potential for profit;

- Although the Ginn and Lubert-Adler Defendants have, to date, refused to disclose what Ginn-LA Conduit Lender did with the payments at issue, documents produced in other proceedings disclose that the *purpose* of the internal accounting protocol pursuant to which the payments were made was to offset "investment risk attributable to [less successful] Developments" as a result of cross-collateralization, and "to insure that the full profit actually earned, in real time, by [more successful] Developments [wa]s in fact *received by the investors* in such Developments";

- Thus, at a minimum, the payments at issue were made to "benefit" investors in Ginn sur Mer, within the meaning of 11 U.S.C. § 550(a)(1); and

- Indeed, but for the payments at issue, the investors in Ginn sur Mer would have been required to inject additional capital into that Development, as equity or debt, in an amount at least equivalent to the payments, in order to sustain the Development.

FAC, ¶¶ 10-13, 29-32, 36-39, 43-48 (citations omitted).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

5. The Defendants do not dispute that they were, in fact, investors in Ginn sur Mer, either directly or through other affiliated entities, at the time the payments at issue were made.

6. Nor do the Defendants assert that the discovery requests from which they seek relief – Motion for Protective Order Exhibits A & B – are in any way overbroad or unduly burdensome (the requests themselves total less than two pages; they seek information necessary to understand how the aforementioned accounting protocol was implemented, and to trace the transferred funds to their ultimate destination and use, etc.).

7. Rather, the Defendants contend that they should not have to respond to those requests until the Court rules on an anticipated motion to dismiss pursuant to Rule 12(b)(6) asserting that "[the FAC] has not alleged, and cannot allege, facts that would, under any legal theory, subject Defendants to liability under § 550(a)(1)." Motion for Protective Order, ¶ 8.

8. We respectfully disagree. In *Chudasama*, the Defendants' principal cited authority, the claimant had asserted a "novel" claim which was "especially dubious" and "unduly enlarged" the scope of discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). The Eleventh Circuit held that the District Court, therefore, abused its discretion in compelling extensive discovery on that claim before addressing a pending motion to dismiss. *Id.* at 1368-69. "[That decision and its progeny] do not establish a broad general rule that discovery should not proceed while a motion to dismiss is pending. [T]hey stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1 (M.D. Fla. 2007); *see also Bocciolone v. Solowsky*, 2008 WL 2906719, at *1-2 (S.D. Fla. 2008) ("*Chudasama* . . . has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion.") (citing cases).[4]

---

[4] While not binding, it also bears noting that the District Court for the Southern District of Florida has endorsed a Discovery Practices Handbook which specifies that: "Normally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion." S.D. Fla. Local Rules, App. A, Discovery Practices Handbook, ¶ I(D)(5) (2008).

-4-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

9. Unlike in *Chudasama*, the present litigation does not involve a "novel" claim, much less one which is "especially dubious" and "unduly enlarges" the scope of discovery. It involves a claim to avoid – as fraudulent or preferential – transfers of nearly $50,000,000 in Tesoro and Quail West Debtor property, made in contemplation of a bankruptcy proceeding; and to recover the transferred amounts from the persons and entities for whose benefit the transfers were made.

10. Quoting from the Defendants' own documents, the FAC more than adequately alleges a factual and legal basis for subjecting the Defendants to liability pursuant to 11 U.S.C. § 550(a)(1). There is simply no justification for Defendants' promised motion to dismiss, let alone a stay of discovery. *See, e.g., In re Grissom (Grissom v. Johnson)*, 955 F.2d 1440, 1449 (11th Cir. 1992), *abrogated in part on other grounds by BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994) ("We agree with the bankruptcy court and the district court that the statutory language is not ambiguous. The [debtors] can recover the value of their property from the party who benefits from the [transfer of said property]."); *Wieboldt Stores, Inc. v. Schottenstein*, 131 B.R. 655, 666 (N.D. Ill. 1991) ("Even if [Julius and Edmond Trump] were not transferees under [11 U.S.C. §] 550, the Trustee's evidence that they funneled the LBO proceeds through several corporations under their control leaves as a genuine issue of material fact whether Julius and Edmond Trump were the persons for whose benefit [the] transfer of the LBO funds was made under Section 550.").[5]

---

[5] Obviously, because the Ginn and Lubert-Adler Defendants have refused to disclose "where the money went," it is unclear whether Ginn-LA Conduit Lender was "the initial transferee" of the payments at issue within the meaning of 11 U.S.C. § 550(a)(1), or simply received the payments as an agent and/or conduit for others in the corporate structure pertaining to the Ginn sur Mer Development. We expect that discovery in this matter will reveal the latter to be true, and may provide basis for subjecting the Defendants to liability as "initial transferees" pursuant to 11 U.S.C. § 550(a)(1), as distinguished from persons "for whose benefit" such transfer was made under § 550(a)(1).

WHEREFORE, Trustee Dillworth respectfully requests that this Court enter an Order denying the Defendants' Motion for Protective Order and requiring the Defendants to respond to the pending discovery requests within 10 days.

Dated: March 25, 2011

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.

Attorneys for Drew M. Dillworth,
Chapter 7 Trustee of the Tesoro Debtors' Estates
and the Quail West Debtors' Estates

Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395

I hereby certify that I am admitted to the Bar of
the United States District Court for the Southern District
of Florida and I am in compliance with the additional
qualifications to practice in this Court set forth in
Local Rule 2090-1(A).

By:   /s/  Harold D. Moorefield, Jr.
      EUGENE E. STEARNS
      Fla. Bar No. 149335
      estearns@stearnsweaver.com
      HAROLD D. MOOREFIELD, JR.
      Fla. Bar No. 239291
      hmoorefield@stearnsweaver.com
      MATTHEW W. BUTTRICK
      Fla. Bar No. 176028
      mbuttrick@stearnsweaver.com
      ANDREW E. STEARNS
      Fla. Bar No. 661651
      astearns@stearnsweaver.com

-6-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

**CERTIFICATE OF SERVICE**

I CERTIFY on March 25, 2011 a true and correct copy of the foregoing was served as follows: (a) by courtesy E-Mail and/or transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive Notices of Electronic Filing in this adversary case; and (ii) by courtesy E-Mail and/or U.S. Mail, postage prepaid, to those parties not registered to receive electronic notice in this adversary proceeding, as indicated on the attached Service List.

Dated: March 25, 2011.

    Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:   (305) 789-3200
Facsimile:    (305) 789-3395

By: */s/ Harold D. Moorefield, Jr.*
      HAROLD D. MOOREFIELD, JR.
      *hmoorefield@stearnsweaver.com*
      Counsel for Plaintiff

*In re: Ginn-LA St. Lucie Ltd., LLLP, et al*
Case No. 08-29769-PGH (Jointly Administered)

*Drew M. Dillworth, Chapter 7 Trustee*
*v. Edward R. Ginn III, et al*
Adversary No. 10-03807-PGH

# SERVICE LIST

**The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.**

✓PAUL STEVEN SINGERMAN, ESQ.
singerman@bergersingerman.com
efile@bergersingerman.com
*Counsel Ira M. Lubert; Dean S. Adler; Lubert-Adler Management Co., L.P.; Lubert-Adler Group IV, L.P.; Lubert-Adler Real Estate Fund IV, L.P.; Lubert-Adler Real Estate Parallel Fund IV, L.P.;* and *Lubert-Adler Capital Real Estate Fund IV, L.P.* **("Lubert-Adler Defendants")**

✓LYNN F. CHANDLER, ESQ.
✓JONATHAN P. HEYL, ESQ.
✓JEFFREY P. MACHARG, ESQ.
lynn.chandler@smithmoorelaw.com
johanne.bloom@smithmoorelaw.com
devire.robinson@smithmoorelaw.com
jeff.macharge@smithmoorelaw.com
jon.heyl@smithmoorelaw.com
*Counsel for Edward R. Ginn III; Edward R. Ginn III Revocable Trust Dated Sept. 14, 2002; ERG Management, LLC; ERG Enterprises, L.P.* **("Ginn Defendants")**

✓RONA J. ROSEN, ESQ.
rrosen@klehr.com
*Counsel for Lubert-Adler Defendants*

✓CHARLES W. THROCKMORTON, ESQ.
cwt@kttlaw.com
*Counsel for Ginn Defendants*

**The following parties were served by First Class Mail (postage prepaid):**

✓WILLIAM A. HARVEY, ESQ.
wharvey@klehr.com
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone:    (215) 568-6060
Facsimile:    (215) 568-6603
*Counsel for Lubert-Adler Defendants*

✓MICHEL O. WEISZ, ESQ.
mweisz@bergersingerman.com
**BERGER SINGERMAN, P.A.**
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone:    (305) 755-9500
Facsimile:    (305) 714-4340
*Counsel for Lubert-Adler Defendants*

✓Also served by Courtesy Email