UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: <br> GINN-LA ST. LUCIE LTD., LLLP, *et al.*, <br><br> Debtors. | **CASE NO. 08-29769(PGH)** <br> All Cases Jointly Administered |
| In re: <br> GINN-LA QUAIL WEST., LTD, LLLP, *et al.*, <br><br> Debtors. | Chapter 7 |
| DREW M. DILLWORTH, Chapter 7 Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD R. GINN III, *et al.*, <br><br> Defendants. | **ADV. PRO. NO. 10-03807-PGH** |

**THE LUBERT-ADLER DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO
<u>DISMISS THE TRUSTEE'S FIRST AMENDED COMPLAINT</u>**

The Lubert-Adler Defendants[1] file this Reply Memorandum of Law in support of their Motion To Dismiss the First Amended Complaint.

In his Memorandum [ECF No. 53], the Trustee does not even attempt to fairly address the body of case law discussed by the Lubert-Adler Defendants in their Memorandum at pages 7-9, which case law holds that under section 550(a)(1), liability may not be imposed on a non-transferee equity holder based solely on his ownership status in an entity.

---

[1] Unless otherwise stated, defined terms herein shall have the same meaning as in the Lubert-Adler Defendants' Motion To Dismiss the Trustee's First Amended Complaint. [ECF No. 42].

3611613-1

The Trustee ignores the controlling "quantifiable benefit or one bearing the necessary correspondence to the value of the property transferred or received" test articulated by the Eleventh Circuit in *In re International Management Associates, Inc.,* 399 F.3d 1288, 1293 (11th Cir. 2005). The Trustee's inability to satisfy this test is fatal to his position on this motion. The Trustee argues instead that the probative inquiry should be what was the intended "purpose" of the transfers at issue. Such a position is at odds with *International Management* which does not articulate such a "purpose" test.

In support of his "purpose" argument, the Trustee relies on *In re Air Conditioning, Inc. of Stuart (American Bank of Martin County v. Leasing Service Corporation.)*, 845 F.2d 293 (11th Cir. 1988), an inapposite preference case that was decided almost two decades before *International Management. Air Conditioning* focused on the narrow issue of whether, in the context of a letter of credit transaction, an unsecured creditor received an indirect transfer sufficient to satisfy the preference requirements of 11 U.S.C. § 547(b)(1). The purpose of the decision was "to uphold the sanctity of letters of credit as vital instruments of commerce." *Air Conditioning,* 845 F.2d at 299. *Air Conditioning* did not analyze section 550(a)(1) in any depth whatsoever and certainly not in the context presented here.

The Trustee's argument otherwise makes no sense. He invokes a "Memo" dated June 2, 2006 that predates the alleged transfers by some two years, which Memo discussed an intercompany internal accounting procedure that might be implemented "to keep a running account of intercompany payables and receivables between the different Developments." *See* Trustee's Response at paragraph 4 and Exhibit I referred to therein [ECF No. 53]. The Trustee then makes the leap that one can infer from the Memo that the "purpose" of the challenged transfers made in 2008 by the Quail West and Tesoro Debtors to Conduit Lender was to benefit

2

the Defendants as "investors" in the Ginn sur Mer Development. The Trustee's contention that the Memo establishes that the transfers were made to benefit the Defendants as investors in the Ginn sur Mer development makes no sense because the Amended Complaint does not even allege that the funds at issue were transferred to the Ginn sur Mer Development. Moreover, the legal test the Trustee must satisfy is whether the Trustee has alleged that the Defendants received a benefit that is "quantifiable" or "bearing the necessary correspondence to the value of the property transferred" as required by *International Management*. Whether or not the accounting procedure described in the Memo had been implemented is irrelevant to the applicable legal test.

Equally meritless is the Trustee's attempt to liken an equity holder to a guarantor so as to "shoehorn" his section 550(a)(1) claim into the "paradigm[atic] case of a benefit under §550(a) ... the benefit to a guarantor by the payment of the underlying debt of the debtor."[2] The Trustee touts paragraph 48 of the Amended Complaint as the paragraph that sets forth the "specific" allegation regarding the quantifiable benefit received by the Defendants. Paragraph 48, however, contains only the following naked averment:

> 48. Indeed, but for the Tesoro and Quail West Payments, the **investors in Ginn sur Mer would have been required to inject additional capital into that Development** as equity or debt, in an amount at least equivalent to the payments, in order to sustain the development.

FAC at ¶ 48 (bold added).

This conclusory allegation that the Defendants had an obligation to make capital contributions in order to "sustain the [Ginn sur Mer D]evelopments" falls woefully short of the *Twombly* pleading standard and flies in the face of the Georgia limited liability limited

---

[2] *Int'l Mgmt. Assoc.,* 399 F.3d at 1292-93.

partnership statute, O.C.G.A. § 14-9-303, under which Ginn-LA West End Ltd., LLLP, the owner of the Ginn sur Mer Development, was formed. That statute provides that:

> Subject ... to any contrary agreement among the partners, a partner in a limited liability partnership is not individually liable or accountable either directly or indirectly by way of indemnification, reimbursement, contribution, assessment, or otherwise for any debts, obligations, or liabilities of or chargeable to the partnership or another partner, whether arising in tort, contract, or otherwise, that are incurred, created, or assumed while such partnership is a limited liability partnership, solely by reason of being such a partner or acting or omitting to act in such capacity or otherwise participating in the conduct of the activities of the limited liability partnership...

O.C.G.A. § 14-8-15(b).

To survive a motion to dismiss, the Trustee must do more than assert "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* __ U.S. ___ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). *See also* the standard discussed at ECF No. 42, page 5.

Paragraph 48 of the Complaint is the very type of unsubstantiated threadbare allegation held to be impermissible under the *Iqbal* and *Twombly* plausibility standard. <u>Notably, the Trustee has not cited to any document or agreement which contains the requirement that the Defendants, alleged "direct" or "indirect" investors in Ginn sur Mer, must infuse capital into the Ginn sur Mer project.</u>[3] And while the Trustee goes out of his way on page 8 of his brief to state that Paragraph 44 "is a specific factual allegation predicated on documents produced in connection with these bankruptcy proceedings," both his pleading and brief are deafeningly silent as to what those documents are. The Trustee's failure to cite any specific documents which support his naked conclusion is telling, and runs counter to his demonstrated ability and

4

propensity in these bankruptcy cases to attach documents to pleadings and motion papers when he believes they suit his cause. Here the Trustee mentions no such documents because none exists. The mere possibility that he "might later establish some set of undisclosed facts to support recovery" is insufficient to survive this 12(b)(6) challenge. *Twombly,* 550 U.S. at 561.

Moreover, even *assuming arguendo* that the Trustee sufficiently alleged that the Defendants had an obligation to make capital contributions, he still failed to allege a section 550(a)(1) claim because, in addition to the items discussed in footnote 4 below,[4] at best, the "benefit" that the Trustee claims the Defendants received was a remote benefit that would have flowed from the subsequent use of the transferred funds by a transferee and *not* from the initial transfers themselves. This is insufficient under the governing case law and, as a result, the First Amended Complaint should be dismissed with prejudice.

**[BALANCE OF PAGE LEFT BLANK INTENTIONALLY]**

---

[3] On page 9, the Trustee falsely states that the Lubert-Adler Defendants disingenuously argued that the Trustee did not allege any facts connecting any of them to the Ginn sur Mer Development. As to this point, the Lubert-Adler Defendants refer the Court to footnote 4 of their opening brief. [ECF No. 42].

[4] As set forth in the LA Defendants' opening brief: (i) the Trustee does not allege what became of the funds transferred to Conduit Lender; (ii) the Trustee does not allege that the funds were subsequently transferred to Ginn-LA West End Ltd., LLLP; and (iii) the Trustee does not allege that the funds were ultimately used to fund Ginn sur Mer development costs.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 18th day of April, 2011 upon those parties registered to receive Notices of Electronic Filing in this adversary proceeding as indicated on the Service List attached here to as **Exhibit A**; and by First Class Mail upon those parties indicated on the Service List attached hereto as **Exhibit B**.

Dated: April 18, 2011

Respectfully submitted,

BERGER SINGERMAN, P.A.
Counsel to Lubert-Adler Management Co., L.P., Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P., Ira M. Lubert, and Dean S. Adler
200 South Biscayne Boulevard, Suite 1000
Miami, Florida  33131
(305) 755-9500
Fax: (305) 714-4340

By: *s/ Paul Steven Singerman*
      Paul Steven Singerman
      Fla. Bar No. 378860
      singerman@bergersingerman.com

- AND -

KLEHR HARRISON HARVEY BRANZBURG LLP
William A. Harvey
Rona J. Rosen
1835 Market Street
Philadelphia, PA  191103
(215) 568-6060
Fax: (215) 568-6603
*Admitted pro hac vice*

**EXHIBIT "A"**
<u>**SERVICE LIST**</u>

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
**Harold D. Moorefield, Jr.**
Email: *hmoorefield@stearnsweaver.com*
**Matthew W. Buttrick**
Email: *mbuttrick@stearnsweaver.com*
Museum Tower, Suite 2200
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
*Counsel to Trustee Dillworth*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
**William A. Harvey, Esq.**
Email: *wharvey@klehr.com*
**Rona J. Rosen, Esq.**
Email: *rrosen@klehr.com*
1835 Market Street, Suite 1400
Philadelphia, PA 19103
*Counsel to Lubert-Adler Defendant*

**SMITH MOORE LEATHERWOOD LLP**
**Lynn F. Chandler**
Email: *lynn.chandler@smithmoorelaw.com*
525 North Tryon Street
Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
*Counsel to the Ginn Defendants*

**KOZYAK TROPIN & THROCKMORTON, P.A.**
**Charles W. Throckmorton**
(Florida Bar No. 286192)
Email: *cwt@kttlaw.com*
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Telephone: (305) 377-1800
Facsimile: (305) 372-3508
*Counsel to the Ginn Defendants*

3611613-1

**EXHIBIT "B"**
**SERVICE LIST**

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
**Harold D. Moorefield, Jr., Esq.**
**Matthew W. Buttrick, Esq.**
**Andrew E. Stearns, Esq.**
**Eugene E. Stearns**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
*Counsel to Trustee Dillworth*

**SMITH MOORE LEATHERWOOD LLP**
**Lynn F. Chandler, Esq.**
525 North Tryon Street
Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2800
*Counsel to the Ginn Defendants*

**KLEHR HARRISON HARVEY BRANZBURG LLP**
**William A. Harvey, Esq.**
**Rona J. Rosen, Esq.**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
*Counsel to Lubert-Adler Defendant*

**KOZYAK TROPIN & THROCKMORTON, P.A.**
**Charles W. Throckmorton, Esq.**
(Florida Bar No. 286192)
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Telephone: (305) 377-1800
Facsimile: (305) 372-3508
*Counsel to the Ginn Defendants*

**Jonathan P. Heyl, Esq.**
**Smith Moore Leatherwood, LLP**
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202

3611613-1