

**ORDERED in the Southern District of Florida on May 03, 2011.**

_____
**Paul G. Hyman, Chief Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>       Debtors.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7 |
| In re:<br><br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>       Debtors.<br>_____/ | |
| DREW M DILLWORTH, Chapter 7 Trustee,<br><br>       Plaintiff,<br><br>   vs.<br><br>EDWARD R. GINN III, et al.,<br><br>       Defendants.<br>_____/ | **ADV. PRO. NO. 10-03807-PGH** |

## ORDER GRANTING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, AND ORDERING DISCOVERY

THIS MATTER came before the Court for hearing on April 21, 2011 at 10:30 a.m. on the Ginn Defendants' Motion to Dismiss First Amended Complaint (ECF No. 40) and the Lubert-Adler Defendants' Motion, Including Memorandum of Law, Pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure to Dismiss the Trustee's First Amended Complaint for Avoidance and Recovery of Fraudulent/Preferential Transfers (ECF No. 42) (collectively, the "Motions"). The Court having reviewed the Motions, the Trustee's response (ECF No. 53), and the Defendants' replies (ECF Nos. 54 and 55), having heard argument of counsel, and being otherwise duly advised, and for the reasons stated on the record at the hearing, it is hereby **ORDERED** that:

1.     The Motions are **GRANTED**. The First Amended Complaint (ECF No. 27) is dismissed, with leave to amend as provided herein.

2.     This Court's Order Granting Protective Order (ECF No. 43) is modified to allow Plaintiff discovery sufficient to trace the funds transferred in the "Tesoro Payment" and "Quail West Payment," as defined in First Amended Complaint ¶¶ 29 and 36 (the "Funds"). On or before May 16, 2011, the Defendants shall serve a sworn affidavit disclosing the details of (a) any transfer by Ginn-LA Conduit Lender, LLC of the Funds, and (b) any subsequent transfer of the Funds, to the extent that information is within the possession, custody, or control of Defendants or their affiliates.  That disclosure shall include, for each such transfer, the date, amount, and recipient of the transfer, and how the transfer was effected.  The Defendants shall also concurrently produce copies of documents reflecting or substantiating said transfers.

3.     If Plaintiff desires to amend the First Amended Complaint, he shall do so within 30 days of the date that Defendants file a notice with the Court certifying their compliance with Paragraph 2 of this order.

### 

Submitted by:

Charles W. Throckmorton, Esq.
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
cwt@kttlaw.com

Copy to:
Charles W. Throckmorton, Esq.
*(Attorney Throckmorton shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*