UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>Debtors.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated Under<br>Lead Case No. 08-29769-PGH)[1] |
| In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>Debtors.<br>_____/ | (3 Cases Substantively Consolidated Under<br>Lead Case No. 08-29774-PGH)[2] |
| DREW M DILLWORTH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD R. GINN III, et al.,<br><br>Defendants.<br>_____/ | **ADV. PRO. NO. 10-03807-PGH** |

## PLAINTIFF'S NOTICE OF DISMISSAL

Plaintiff Drew M. Dillworth ("Trustee Dillworrth"), in his capacity as Chapter 7 Trustee for the Tesoro and Quail West Debtors' Estates, hereby gives notice of the dismissal of this proceeding pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), made applicable by Fed. R. Bankr. P. 7041, and states:

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH.  *See* Order [D.E. 308/309].  The "Tesoro Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; and (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH.  *See* Order [D.E. 34].  The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313.  *See* 11 U.S.C. § 342(c)(1).

1.  In this adversary proceeding, Trustee Dillworth sought to avoid and recover for alleged fraudulent or preferential transfers of Tesoro and Quail West Debtor property made two years after the Credit Suisse loan refinancing of the Tesoro, Quail West, River Club / Gardens, Laurelmor, and Ginn sur Mer Developments. *See* First Amended Complaint ("FAC") [ECF No. 27], ¶¶ 1, 4.

2.  Lead Debtors Ginn-LA St. Lucie Ltd., LLLP and Ginn-LA Quail West Ltd., LLLP listed the transfers at issue in their Statements of Financial Affairs, in response to Question No. 3, which requires each debtor to identify "all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders." The pertinent portions of their responses to Question No. 3 read as follows:

| Debtor | Creditor and Relationship | Date of Payment | Amount Paid |
| --- | --- | --- | --- |
| Ginn-LA St. Lucie Ltd., LLLP | Ginn-LA Conduit Lender, LLC [sic - s/b "Inc."]<br><br>215 Celebration Place<br>Suite 200<br>Celebration, FL 34747<br><br>Affiliate | 5/7/2008<br><br>*These payments were made from LLLP to Conduit Lender in connection with the Credit Suisse lead secured loans and were utilized, and allocated, to projects subject to the Credit Suisse secfured [sic] loans. | $31,947,006.46 |
| Ginn-LA Quail West Ltd., LLLP | Ginn-LA Conduit Lender, LLC [sic - s/b "Inc."]<br><br>215 Celebration Place<br>Suite 200<br>Celebration, FL 34747<br><br>Affiliate | 5/6/2008<br><br>*These payments were made from LLLP to Conduit Lender in connection with the Credit Suisse lead secured loans and were utilized, and allocated, to projects subject to the Credit Suisse secured loans. | $17,509,699.21 |

FAC, ¶¶ 6-7 (quoting Case No. 08-29769, ECF No. 92, p. 28; No. 08-29774, ECF No. 23, p. 22).

3.  For convenience, the transfers to Ginn-LA Conduit Lender at issue are referred to as the "Tesoro Payment" and the "Quail West Payment," respectively.

-2-

4. On May 3, 2011, this Court entered an Order dismissing the FAC without prejudice, and directing the Defendants to provide the following discovery:

> On or before May 16, 2011, the Defendants shall serve a sworn affidavit disclosing the details of (a) any transfer by Ginn-LA Conduit Lender, LLC of the Funds, and (b) any subsequent transfer of the Funds, to the extent that information is within the possession, custody or control of Defendants or their affiliates. That disclosure shall include, for each such transfer, the date, amount, and recipient of the transfer, and how the transfer was effected. The Defendants shall also produce copies of documents reflecting or substantiating said transfers.

Order Granting Motion to Dismiss First Amended Complaint, With Leave to Amend, And Ordering Discovery [ECF No. 57], ¶¶ 1, 2.

5. The Defendants subsequently obtained a brief extension of their May 16 deadline, and, on May 31, 2011, served an Affidavit of Lubert-Adler representative Stuart Margulies, along with several Exhibits. *See* Order [ECF No. 64]; Notice of Compliance [ECF No. 69]. The Affidavit disclosed, *inter alia*, that the Tesoro and Quail West Payments consisted of "consecutive transfers of the same $8,291,788.86 (or a lesser portion thereof)" which originated with Ginn-LA Conduit Lender and were wired to Ginn-LA CS Borrower, then to the Lead Debtors, and then back to Ginn-LA Conduit Lender. Affidavit of Stuart Margulies, ¶ 4.

6. On June 3, 2011, the undersigned counsel sent an e-mail to Lubert-Adler's attorneys requesting clarification as to certain aspects of the Affidavit, including:

(a) Why one of the transfers from Ginn-LA Conduit Lender of $8,291,788.86 making up the Tesoro Payment was wired by Ginn-LA Conduit Lender directly to Ginn-LA St. Lucie (the others were wired by Ginn-LA Conduit Lender to Ginn-LA CS Borrower, and then to Ginn-LA St. Lucie);

(b) Why Ginn-LA Conduit Lender *et al.* engaged in the circular consecutive transfers of the same $8,291,788.86, or a lesser portion thereof; and

(c) Why the transfers were made in increments of $8,291,788.86, or a lesser portion thereof, as opposed to one lump sum?

Email, M. Buttrick to M. Weisz, etc., 06/03/11.

7. The Defendants subsequently agreed to provide the requested clarification, if possible, and provided additional information on July 11, 2011. Ltr., L. Chandler to E. Stearns, etc., 07/11/11.

-4-

8. The Trustee believes that, in light of the information produced by the Defendants, the Debtors' Estates do not have a viable claim relating to the Tesoro and Quail West Payments. Thus, he hereby voluntarily dismisses this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), made applicable by Fed. R. Bankr. P. 7041.

Dated: July 22, 2011

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.

Attorneys for Drew M. Dillworth,
Chapter 7 Trustee of the Tesoro Debtors' Estates
and the Quail West Debtors' Estates

Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

I hereby certify that I am admitted to the Bar of
the United States District Court for the Southern District
of Florida and I am in compliance with the additional
qualifications to practice in this Court set forth in
Local Rule 2090-1(A).

By: /s/ Harold D. Moorefield, Jr.
    HAROLD D. MOOREFIELD, JR.
    Fla. Bar No. 239291
    hmoorefield@stearnsweaver.com
    MATTHEW W. BUTTRICK
    Fla. Bar No. 176028
    mbuttrick@stearnsweaver.com
    ANDREW E. STEARNS
    Fla. Bar No. 661651
    astearns@stearnsweaver.com

-4-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200